16-3523
Swinton

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
JUL 14 2016
RICK WARREN
COURT CLERK

| | |
|---|---|
| ROADRUNNER RV PARK, LLC, | |
| Plaintiff, | |
| v. | Case No: CJ-2016-3523 |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | JURY TRIAL DEMANDED |
| Defendant. | |

## PETITION

COMES NOW Plaintiff, Roadrunner RV Park, LLC, and for its causes of action against the Defendant alleges and states:

1. Plaintiff's business is the operation of a recreational vehicle ("RV") park in Oklahoma City, Oklahoma. The park rents spaces for RV's, campers and motor homes.

2. At all times material hereto, Philadelphia Indemnity Insurance Company, insured Plaintiff's property and premises.

3. On May 6, 2015, Plaintiff's RV park was struck by a tornado which either totaled or significantly damaged the buildings, grounds, structures, and premises. All RV campers and vehicles at the park were damaged or destroyed. Several of Plaintiff's customers and tenants who were at the part when the tornado hit were seriously injured. This damage caused significant and continuing loss of rental income and damage to the reputation and goodwill of Plaintiff's business.

4. Plaintiff timely made a claim for policy benefits, cooperated in any investigation Defendant desired to do, made the premises available for inspection, and otherwise complied with all conditions precedent to recovery under the policy.

EXHIBIT 1

5. In handling Plaintiff's claim, Philadelphia breached the implied covenant of good faith and fair dealing and the insurance contract, in accord with its routine practice for the handling of such claims, in the following respects:

a. failing and refusing full payment for business interruption, crisis management and business personal property including valuable papers and other policy benefits on behalf of Plaintiff at a time when Defendant knew that it was entitled to those benefits;

b. failing to properly and timely investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

c. refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

d. refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy including restrictions on crisis management and business interruption benefits;

e. refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy regarding business interruption, crisis management, and the deductible provisions;

f. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

g. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims since this was an obvious total loss from the start of the claim;

h. forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

i. failing to properly evaluate any investigation that was performed;

j. failing to follow the laws of insurance policy construction, including resolving any ambiguity in favor of coverage for their insured;

k. refusing to consider the reasonable expectations of the insured that the property and grounds were fully covered;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to Defendant.

6. Defendant further wrongfully refused to pay the full amount of business interruption benefits, business personal property benefits for valuable papers and tools and equipment and crisis management benefits, all in breach of the insurance contract and the implied covenant of good faith and fair dealings. Instead, Defendant has tendered an unreasonably low payment for those benefits.

7. As a direct result of Defendant's actions, Plaintiff has suffered the loss of policy benefits, lost income and further economic and consequential damages.

8. Defendant's actions were wanton and reckless or willful and malicious and Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, Philadelphia Indemnity Insurance Company, for its damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

MANSELL ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, OK 73102
T: (405) 232-4100 ** F: (405) 232-4140
E-mail: mec@meclaw.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

**ATTORNEYS FOR PLAINTIFF**